**BONNAZ, HAND EMBROIDERERS, TUCKERS, STITCHERS, PLEATERS UNION, LOCAL 66, INTERNATIONAL LADIES GARMENT WORKERS UNION, AFL, and George Triestman, Its Agent, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 12672.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 3, 1956.

Decided Feb. 9, 1956.

Mr. Morris P. Glushien, New York City, for petitioners. Messrs. Bernard Dunau and Samuel H. Jaffee, Washington, D. C., also entered appearances for petitioners.

Mr. Norton J. Come, Atty., National Labor Relations Board, with whom Messrs. Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, and Melvin Pollack, Atty., National Labor Relations Board, were on the brief, for respondent.

Mr. Floyd F. Toomey, Washington, D. C., filed a brief on behalf of Gemsco, Inc., as amicus curiae, urging affirmance.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

EDGERTON, Chief Judge.

After certifying Ann Sabino, an employee of Gemsco, Inc., as the bargaining representative of a group of Gemsco employees, the National Labor Relations Board found that a labor union called "Bonnaz, Hand Embroiderers, Tuckers, Stitchers, Pleaters Union, Local 66, International Ladies Garment Workers Union, AFL" was engaged in unfair labor practices. Section 8(b) (4) (C) of the National Labor Relations Act, as amended, 61 Stat. 141–142, 29 U.S.C.A. § 158(b) (4) (C), makes it an unfair labor practice for a labor organization to encourage employees to strike with the object of requiring an employer to recognize or bargain with a particular labor organization as the representative of employees, if "another labor organization" has been certified as the representative of such employees.

The Board ordered the Union (Bonnaz) and its officers to cease encouraging employees of Gemsco to strike with the object of requiring Gemsco to recognize or bargain with the Union. The Union asks us to set aside this order and the Board asks us to enforce it.

Section 2(5) of the Act defines "labor organization" as "any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 61 Stat. 138, 29 U.S.C.A. § 152(5). Ann Sabino obviously is not, in any literal sense, such an organization, agency, committee, or plan. It does not appear that she is even acting for such an organization, agency, committee, or plan.

■■ Whether an individual in the position of Ann Sabino ought to be included in the protection given by § 8(b) (4) (C) is a question for Congress. The Board concedes that "when in other portions of the Act, Congress desired to encompass an individual representative as well as a formal labor organization, it has either used both terms in the disjunctive or the word 'representative'." Congress did neither in § 8(b) (4) (C). It used the words "labor organization" alone. We think these words cannot reasonably be interpreted to include Ann Sabino. Their plain meaning does not, in the present case, produce an absurd result or one plainly at variance with the policy of the legislation as a whole.

Since § 8(b) (4) (C) does not support the Board's order, and the order has no other support, it must be set aside. We need not consider petitioners' other contentions.

Order set aside.